Filed 12/10/25  P. v. Spears CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAMANI AYAN SPEARS,<br><br>    Defendant and Appellant. | A172188<br><br>(San Mateo County Super. Ct. No. 23SF008176A) |

**MEMORANDUM OPINION**[1]

Damani Ayan Spears appeals from a judgment entered after he pled no contest to three felonies — two counts of grand theft of personal property and one count of second degree commercial burglary.  His counsel filed a brief asking this court to review the record to determine whether there are arguable issues.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  After our review, we find none and affirm.

On May 8, a Redwood City police officer was dispatched to a Kohl's in Redwood City.  The officer spoke with a loss prevention employee, who reported several thefts by the same man from various Kohl's locations.  On May 2, the man stole items from a Kohl's in Mountain View.  On May 8, he

---

[1] We resolve this case by memorandum opinion.  (Cal. Stds. Jud. Admin., § 8.1.)  All dates refer to 2023 unless otherwise indicated.

1

stole 43 pairs of jeans — valued at $3,415.50 — from the Redwood City Kohl's. On May 11, the officer was dispatched again to the Redwood City Kohl's, and the employee reported that the man returned and stole 79 pairs of jeans, valued at $7,273.50. On May 14, a different police officer was dispatched to the Redwood City Kohl's and spoke with a loss prevention supervisor, who reported that the man had returned and placed more than 50 pairs of jeans in a shopping cart. The officer was able to detain the person — Spears — who had not yet left the store. The supervisor also told the officer that Spears had entered the Redwood City Kohl's two days earlier and stole 60 pairs of jeans, valued at $6,029.

The San Mateo County District Attorney charged Spears with three counts of grand theft of personal property (Pen. Code, § 487, subd. (a), counts 1, 3, 5; undesignated statutory references are to this code), three counts of second degree commercial burglary (§ 460, subd. (b), counts 2, 4, 6), attempted second degree commercial burglary (§§ 664/460, subd. (b), count 7), and attempted grand theft of personal property (§§ 664/487, subd. (a), count 8). The prosecutor also alleged he had sustained one or more serious or violent felony convictions, that he was ineligible for probation after having been previously convicted of five felonies, and various aggravating factors.

Spears pled no contest to counts 1, 3, and 6, and he admitted the strike prior allegation and one factor in aggravation. In exchange, the prosecutor agreed to a maximum sentence of six years and to Spears seeking the dismissal of the strike pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. At the sentencing hearing, defense counsel made a *Romero* motion, citing Spears's remorse, his desire to change his life for the sake of his newborn daughter, and his tentative acceptance into a residential treatment program. The prosecution opposed the request. After considering

2

the nature of the offense committed, Spears's criminal history, and mitigating circumstances, the trial court concluded Spears was "partially" but not "wholly outside of the three-strikes scheme," and it partially granted the *Romero* motion. It dismissed the strike allegation as to counts 3 and 6 but declined to dismiss it as to count 1. It imposed the low term on count 1 — doubled due to the strike prior — for a total of 32 months on that count. And it imposed two consecutive terms of eight months on counts 3 and 6, for a total term of 48 months in prison with 453 days of credit. It waived the court operations and criminal conviction fees — finding Spears did not have the present ability to pay them — and imposed a $300 restitution fine, and imposed but suspended a $300 parole revocation restitution fine.

Spears challenges "the sentence or other matters occurring after the plea that do not affect the validity of the plea." Counsel filed a *Wende* brief and notified Spears he had a right to file a supplemental brief within 30 days. No supplemental brief was received. We have independently reviewed the record pursuant to *Wende* to determine the existence of any arguable factual or legal issues arising after entry of the plea and that do not affect the plea's validity. We have found none and affirm the judgment.

3

_____
RODRÍGUEZ, J.


WE CONCUR:


_____
TUCHER, P. J.


_____
FUJISAKI, J.


A172188; *People v. Spears*